UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE CONNECTICUT LABORERS' HEALTH FUND; TRUSTEES OF THE CONNECTICUT LABORERS' PENSION FUND; TRUSTEES OF THE NEW ENGLAND LABORERS' TRAINING TRUST FUND; TRUSTEES OF THE CONNECTICUT LABORERS' LEGAL SERVICES FUND; TRUSTEES OF THE CONNECTICUT LABORERS' ANNUITY FUND; TRUSTEES OF THE NEW ENGLAND LABORERS' LABOR-MANAGEMENT TRUST FUND; TRUSTEES OF THE NEW ENGLAND LABORERS' HEALTH AND SAFETY FUND; CONNECTICUT LABORERS DISTRICT COUNCIL<br><br>            Plaintiffs,<br>vs.<br><br>NATIONAL SHORING, LLC<br><br>            Defendant. | Civil Action No.<br><br><br><br><br><br><br><br>August 3, 2018 |

## COMPLAINT

**PARTIES**

1.      Plaintiffs Trustees of the Connecticut Laborers' Health Fund, Pension Fund, Legal Services Fund, Annuity Fund, New England Laborers Training Trust Fund, New England Laborers' Labor-Management Trust Fund, and the New England Laborers' Health and Safety Fund are Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (hereinafter referred to as "ERISA," 29 U.S.C. Sections 1002(3) and (37)). The Funds are established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement

between the Connecticut Laborers' District Council (hereinafter referred to as the "Union") and Defendant National Shoring, LLC (hereinafter referred to as "National Shoring"). The Funds are administered at 435 Captain Thomas Boulevard, West Haven, Connecticut 06516.

2. Plaintiff Connecticut Laborers' District Council is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3. The Defendant, National Shoring, is doing business under the laws of the State of Connecticut, with a business address located at 1110-1112 Hartford Turnpike in Waterford, Connecticut 06385. National Shoring transacts business in the State of Connecticut as a contractor or subcontractor in the construction industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(l), (3) and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(l), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action under Section 301 of the LMRA, 29 U.S.C. Section 185(a) and under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145. This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce, and an action to collect delinquent employer

2

contributions due to employee benefit plans under the terms of a Collective Bargaining Agreement and ERISA.

**Count I (Breach of Collective Bargaining Agreement)**

5.  The Plaintiffs hereby incorporate by reference Paragraphs 1-4 of the Complaint as fully set herein.

6.  Defendant National Shoring entered into a Collective Bargaining Agreement on or around November 9, 2017 with the Laborers' International Union of North America establishing the terms and conditions of employment for laborers employed by National Shoring.

7.  Pursuant to the Collective Bargaining Agreement, Defendant National Shoring is required to pay to the Funds and the Union certain sums of money for each hour worked by employees of the Defendant National Shoring, covered by the Collective Bargaining Agreement.

8.  Said Agreement also binds National Shoring to the Funds' Collection Policy, which provides for interest, liquidated damages, reasonable attorney's fees, and sheriff and court costs to be imposed for the collection of any contributions that are not timely paid.

9.  Defendant National Shoring employed certain employees covered under the Collective Bargaining Agreement throughout the relevant period of the months of November 2017 through the present.

10. Defendant National Shoring failed to make contributions due to the Funds and Union for work covered under the Collective Bargaining Agreement for the months

of November 2017 through January 2018, and April 2018 through May 2018 in the amount of *$20,238.31.*

11. Defendant National Shoring has failed to submit reports as required by the Collective Bargaining Agreement for the months of February through March 2018 and June 2018.

12. Pursuant to the Funds' Collections Policy and the Collective Bargaining Agreement, Defendant National Shoring owes the Funds an additional amount of *$1,332.61* for audit costs regarding a payroll audit conducted for the time period of January 2015 through October 2017.

13. National Shoring's failure to pay the amounts owed to the Funds and the Union is a breach of the Collective Bargaining Agreement.

14. The amount owed may increase by the time judgment is entered, as National Shoring may have continued to employ laborers and has not remitted remittance reports or contributions for any months after May 2018.

15. Pursuant to the Collective Bargaining Agreement, National Shoring is liable to the Plaintiffs for all unpaid delinquent Funds contributions, Union Dues, interest on the unpaid contributions and dues, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

**COUNT 2 (Delinquent Contributions under ERISA)**

16. The Plaintiffs hereby incorporate by reference Paragraphs 5-15 of the Complaint as fully set herein.

17. Defendant National Shoring entered into a Collective Bargaining Agreement with the Laborers' International Union of North America establishing the terms and conditions of employment for laborers employed by National Shoring.

18. Pursuant to the Collective Bargaining Agreement, Defendant National Shoring is required to pay to the Funds and Union certain sums of money for each hour worked by employees of the Defendant National Shoring, covered by the Collective Bargaining Agreement.

19. Said Agreement also binds National Shoring to the Funds' Collection Policy, which provides for interest, liquidated damages, reasonable attorney's fees, and sheriff and court costs to be imposed with any contributions that are not timely paid.

20. Defendant National Shoring employed certain employees covered under the Collective Bargaining Agreement throughout the relevant period of the months of November 2017 through the present.

21. Defendant National Shoring failed to make contributions due to the Funds and Union for work covered under the Collective Bargaining Agreement for the months of November 2017 through January 2018 and April 2018 through May 2018 in the amount of *$20,238.31.*

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

22. Defendant National Shoring has failed to submit reports as required by the Collective Bargaining Agreement for the months of February through March 2018 and June 2018.

23. Pursuant to the Funds' Collections Policy and the Collective Bargaining Agreement, Defendant National Shoring owes the Funds an additional amount of **$1,332.61** for audit costs regarding a payroll audit conducted for the period of January 2015 through October 2017.

24. National Shoring's failure to pay the amounts owed to the Funds and the Union is a violation of ERISA 29 U.S. Code § 1145 requiring contributions to be made to multiemployer plans under the terms of a Collective Bargaining Agreement.

25. The amount may increase by the time judgment is entered, as National Shoring may have continued to employ laborers and has not remitted remittance reports or contributions for any months after May of 2018.

26. Pursuant to 29 U.S.C. 1132(g) (2) and the Collective Bargaining Agreement, National Shoring is liable to the Plaintiffs for all unpaid delinquent Funds contributions, Union Dues, interest on the unpaid contributions and dues, an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiff Funds pray for judgment as follows:

    A.    Ordering Defendant National Shoring to make payment to the respective Plaintiffs in the amount of **$20,238.31** for unpaid benefit contributions, liquidated damages provided by the Plan, interest in the amount of twelve percent (12%) per annum pursuant to the Trust Agreements, on the

6

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

        amount due from the date of the delinquency until the date of payments, costs and reasonable attorney's fees, pursuant to 29 U.S.C. Section 1132(g) (2) and 28 U.S.C. Section 1961.

B.    Ordering National Shoring to make payment to the respective Plaintiffs in the amount of **$1,332.61** for audit costs pursuant to the Collective Bargaining Agreement, the Plaintiff Funds' Collections Policy, and the Trust Agreements.

C.    Ordering National Shoring to submit monthly reports and any unpaid contributions for the months of February, March, June, and July 2018 and to submit monthly reports and any unpaid contributions that become due during the pendency of the Complaint until the issuance of a judgment.

D.    Ordering Defendant National Shoring to submit payments for contributions discovered as due, through their monthly reporting or otherwise, during the pendency of the Complaint until the issuance of a Judgment.

E.    Ordering Defendant National Shoring, in connection with any amounts disclosed as due in excess of the amount stated on the Complaint, to pay liquidated damages provided by the Plan and interest in the amount of twelve percent (12%) per annum pursuant to the Trust Agreements and to 29 U.S.C. Section 1132(g).

F.    For such further relief as the Court may deem appropriate.

**DATED** at East Hartford, Connecticut, this 3rd day of August 2018.

        FOR THE PLAINTIFFS,

        /s/ Alexander S. Lovejoy
        Alexander S. Lovejoy, Esq. (ct30511)
        ROBERT M. CHEVERIE & ASSOCIATES, P.C.
        333 East River Drive, Suite 101
        East Hartford, CT 06108-4206
        Tele.:(860) 290-9610
        Fax:(860) 290-9611
        E-mail: alovejoy@cheverielaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 3rd day of August 2018, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 13163
Baltimore, MD 21203
Attn:   **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:   **Assistant Solicitor for Plan
         Benefits Security**

/s/ Alexander S. Lovejoy
Alexander S. Lovejoy, Esq.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719